Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOE SORIANO CISNEROS, on behalf of himself, and other similarly situated employees,

                Plaintiff,

-against-

LAS SIRENAS RESTAURANT INC., *doing business as* LAS SIRENAS MEXICAN RESTAURANT,

                Defendant.

Case No.: 19 CV 11152

**COMPLAINT in an FLSA ACTION**

ECF Case

---

Plaintiff, Noe Soriano Cisneros ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendant, Las Sirenas Restaurant Inc., *doing business as* Las Sirenas Mexican Restaurant, (herein, "Las Sirenas"); or any predecessor or successor business entity doing business as Las Sirenas Restaurant, located at 1896 Jerome Avenue, Bronx, New York 10453 (referred to herein as the "Defendant"), and states as follows:

**INTRODUCTION**

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendant: (1) unpaid

overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendant: (1) unpaid overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5.  Plaintiff is an adult resident of Bronx County, New York.

6.  Plaintiff was an employee of Las Sirenas Restaurant Inc., doing business as Las Sirenas Mexican Restaurant, in Bronx County, New York, continuously, between May 2016 and September 28, 2019.

### *THE DEFENDANT*

7.  At relevant times, Defendant, Las Sirenas Restaurant Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Las Sirenas Mexican Restaurant, located at 1896 Jerome Avenue, Bronx, New York 10453.

8. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff lawfully earned overtime compensation, in contravention of the FLSA and New York Labor Law.

9. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

10. At all relevant times, Las Sirenas Restaurant Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At relevant times, Defendant Las Sirenas Inc. had an annual gross volume of sales in excess of $500,000.

12. Defendant employed Plaintiff in Bronx County, New York, as a cook and food preparer / general helper.

13. The work performed by Plaintiff was directly essential to the restaurant business operated by the Defendant.

14. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendant failed to maintain accurate and sufficient time records.

15. At all relevant times, the Defendant knowingly and willfully failed to pay Plaintiff, and others similarly situated, lawfully overtime compensation, in contravention of the FLSA and New York Labor Law.

16. At all relevant times, the Defendant knowingly and willfully failed to pay Plaintiff, and others similarly situated, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

17. Plaintiff, Noe Soriano Cisneros, was employed by Defendants in Bronx County, New York, as a cook / food preparer and cleaner, at the Defendant's restaurant business known as "Las Sirenas Mexican Restaurant", beginning in May 2016, through September 28, 2019, without interruption.

18. During his employment, Plaintiff Noe Soriano Cisneros worked over forty (40) hours per week.

19. During his employment, Plaintiff Noe Soriano Cisneros worked six (6) days per week. He normally worked 11:00 a.m. to between 9:30 p.m. and 10:00 p.m., for a total of approximately sixty-three (63) to sixty-five (65) hours per week. His day off was always Mondays.

20. Plaintiff worked in excess of ten (10) hours per shift.

21. Plaintiff was not a tipped employee.

22. Throughout most of his employment, Plaintiff's schedule was 11:00 a.m. to 9:30 p.m. or 10:00 p.m.; during 2019, his schedule changed to:

| Mondays | off |
| Tuesdays | 2:00 p.m. – 11:00 p.m. |
| Wednesdays | 2:00 p.m. – 11:00 p.m. |
| Thursdays | 2:00 p.m. – 11:00 p.m. |
| Fridays | 2:00 p.m. – 2:00 a.m. |
| Saturdays | 2:00 p.m. – 2:00 a.m. |
| Sundays | 2:00 p.m. – 2:00 a.m. |

Total working hours:   +/- 63 per week

23. During 2019, Plaintiff was paid at an hourly rate of fifteen dollars ($15.00) per hour, for all hours worked.

24. During 2018, Plaintiff was paid at an hourly rate of fourteen dollars ($14.00) per hour, for all hours worked.

25. During 2017, Plaintiff was paid at an hourly rate of thirteen dollars ($13.00) per hour, for all hours worked.

26. During 2016, Plaintiff was paid at an hourly rate of eleven dollars ($11.00) per hour, for all hours worked.

27. Plaintiff was not paid overtime compensation for work performed in excess of forty (40) hours each week.

28. Plaintiff was paid hourly, but work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay, as required by state and federal law.

29. Plaintiff was not provided with a wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

30. At all times relevant to this action, Plaintiff was paid his wages by cash.

31. Plaintiff was not provided a "wage statement" or pay stub with his weekly compensation.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

32. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "31" of this Complaint as if fully set forth herein.

5

33. At all relevant times, upon information and belief, the Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, the Defendant employed Plaintiff within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, the Defendant had gross revenues in excess of $500,000.

36. Plaintiff was entitled to be paid at the rate of time and one-half his regular rate of of pay for all hours worked in excess of forty (40) each workweek.

37. The Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

38. At all relevant times, the Defendant had, and continues to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, and others similarly situated, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. The Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

40. The Defendant failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

42. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

45. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

46. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. At all relevant times Plaintiff was employed by the Defendant within the meaning of New York Labor Law §§ 2 and 651.

48. The Defendant knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

49. The Defendant knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

50. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from the Defendant his unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

53. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

54. Defendant did not provide Plaintiff, with a written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

55. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

56. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

57. Plaintiff was not provided with true and accurate wage statements as required by law.

58. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

59. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendant failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

60. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such is liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)   An award of prejudgment and post-judgment interest;

(f)   An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g)   Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 5, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter Hans Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Las Sirenas Restaurant Inc.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Noe Soriano Cisneros intends to charge and hold personally liable, the ten largest shareholders of Las Sirenas Restaurant Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       December 5, 2019

Respectfully submitted,

By: _____
       Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Noe Soriano Cisneros_, am an employee currently or formerly employed by _Las Sirenas Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Oct. 31_, 2019

_/s/ Noe_